## Laird's Executors *versus* Moore's Administrator.

An administrator *de bonis non* with the will annexed, cannot recover from his successor in the administration a balance due him on his account, arising from an overpayment to the legatees, where some of such legatees are dead, and the undisposed residue is given by the will to the survivors.

It will not change the application of the principle, that the legatees were the purchasers of the real estate out of which the fund arose, and merely receipted to the administrator for the purchase-money.

If the transaction was in the form of a sale, and so treated by the parties, and the account was settled in the Orphans' Court on that basis, it cannot be regarded otherwise in another proceeding.

ERROR to the Common Pleas of *Cumberland county*.

This was an action of debt, brought by the executors of Robert Laird, deceased, against David Grier, administrator *de bonis non* with the will annexed of James Moore, deceased, with notice to John Moore and wife, and Mary Moore, in which the following facts appeared:—

James Moore, by his last will and testament, which was proved the 20th June, 1834, directed a part of his real estate, to wit, a house and lot of ground with a blacksmith shop thereon, and two unimproved lots, to be sold by his executors; but provided that the first lot should not be sold for less than $1200, and the other two for not less than $200, and the proceeds divided among his four sisters, Jane, Elizabeth, Mary, and Cynthia; but if they could not be sold at the prices named, then that they be rented by his executors, and the rents paid to his three sisters, Jane, Elizabeth, and Mary. He directed the residue of his real estate to be rented by his executors, and the rents paid to his three sisters last named, until the death or marriage of his sister Jane, and at her death or marriage, he directed all his real estate to be sold by his executors, and the proceeds to be divided among all his sisters, or the three survivors, should the sale not be made in the lifetime of Jane.

Letters testamentary issued to Jane, an executrix named in the will, who afterwards renounced, and letters of administration with the will annexed were issued to Robert Laird, the 8th of May, 1843. Laird received rents of the real estate in 1844, 1845, and 1846, amounting to $314. He also sold the house and lot of ground to the four legatees for $1200, and the two lots to Moore, husband of Cynthia, one of the legatees, for $200. After the death of Laird, his executors settled an account in the Orphans' Court, in which they charged the aforesaid rents and sales of real estate, and asked credit for taxes and repairs of real estate, expenses of administration, and two payments of $700 each, made by Laird in his lifetime to the four legatees. This ac-

[Laird's Ex'rs. *v.* Moore's Adm'r.]

count was passed by the Orphans' Court the 25th March, 1851, and, including the payment of .$1400 to the legatees, shows a balance overpaid by accountant of $178.48.

After the death of Laird, letters of administration with the will annexed were issued to David Grier, who, in 1849, sold the residue of testator's real estate to Cynthia Moore and Mary Moore. The sale to Cynthia amounted to $600, and that to Mary to $400.

This action of debt is brought by the executors of Robert Laird, deceased, against . David Grier, administrator, &c., of James Moore, with notice to Cynthia Moore, and her husband, John Moore, and Mary Moore (Elizabeth and Jane having since died), to recover the balance which appears to be due to the estate of Laird.

The defendants and terre tenants resist a recovery, because the balance overpaid by accountant to the legatees. is not a debt due by the estate of James Moore, the testator, and therefore not a lien upon the estate sold by his administrator, in the hands of the purchaser.

The court below (GRAHAM, P. J.) ruled that the plaintiff could not recover, and directed a verdict for the defendants. .

The plaintiffs thereupon sued out this writ, and assigned the ruling of the court below for error.

*Watts* and *Parker*, for plaintiff in error.

*Hepburn*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—If we reform the administration account, so as to leave out of it the amounts paid to the legatees as such, the plaintiff's testator will appear to have a considerable balance in hand for distribution. It was by paying to each legatee more than she was entitled to that the balance in his favour arose. Since these payments, two of the legatees have died, and, by the terms of the will, the other two arc entitled as survivors to the residue of the estate. Now, if we allow the executor of the first administrator to recover this balance from his successor in the administration, it will in fact be charging the survivors with the excess paid to those who are dead. When the legatees determined to take the land instead of its proceeds, they might have very completely effected their purpose, by simply putting their agreement in writing and placing it on record, without the intervention of the administrator. But instead of this, all have united in making it a part of the administration. The administrator sold and conveyed the land to the legatees, under his power in the will, charged himself, as ad-

ministrator, with the proceeds, and took credit for his services in
so doing; and the legatees severally receipted to him as adminis-
trator for the proceeds. They have all treated the land as sold
by the administrator; his account was settled and confirmed on
this ground, and we cannot treat all this as error.

Judgment affirmed.